NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-30
22-P-31

K.C.

vs.

J.C.
(and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from abuse prevention extension orders issued against him pursuant to G. L. c. 209A.  He argues that the District Court judge who extended the original ex parte orders declined to review photographs and text messages that proved the defendant's innocence.  We affirm.

The plaintiffs, a husband and wife, applied for abuse prevention orders against the defendant, the husband's uncle, with whom they were living at the time.  On October 28, 2021, a District Court judge issued the original ex parte orders against the defendant.  On November 10, 2021, a different judge of the

---

[1] T.C. vs. J.C.

District Court held an extension hearing at which the parties were all present and testified.

At the extension hearing, the husband testified that, on October 26, 2021, the defendant threatened to kill the wife if she continued to keep dishes in the sink.[2]  The wife similarly testified that the defendant threatened to kill her.  The defendant, however, testified that the husband and wife were lying; the wife had violent outbursts; and the defendant asked the husband and wife to clean dirty dishes in the sink, at which point the wife threw dirty dishes and a knife at him.  The defendant also represented that he had photographs and text messages that showed (1) the lack of sanitation at the house and (2) he had been "kindly requesting" that the dishes be cleaned. The judge declined to review the photographs and text messages, found that there had been acts sufficient to put the husband and wife in fear, and issued the abuse prevention extension orders.

The basis for the defendant's appeal is the judge's decision not to review the defendant's photographs and text messages.  One of the photographs depicted dirty dishes in the

---

[2] According to the husband, the defendant also contacted the husband's mother and told her that he was going to kill the husband.

2

sink.[3]  The text messages were sent on October 19, 2021, and stated, "I have been trying to cook like [two] days I can't cook because you refuse to wash the dishes this isn't some petty argument this is me not being able to eat I'm sick I need to be able to eat when I can't eat when I'm sick this adds a lot of stress in my life."  The defendant argues that this evidence proved his innocence.

As we have said, each party in a c. 209A abuse prevention proceeding "should be given a fair opportunity to present his case.  While a judge surely may exclude irrelevant or inadmissible evidence, or even interrupt an argument or a witness examination that has become repetitious, he should not terminate a hearing without ensuring that he has heard all the relevant and admissible evidence."  S.T. v. E.M., 80 Mass. App. Ct. 423, 430-431 (2011).  Here, the judge did precisely as we have instructed.  After the husband and wife testified that the defendant threatened to kill them, the judge asked the defendant what he wanted to say.  The defendant then gave his detailed account of the events.

Moreover, there was no abuse of discretion in the judge's decision not to review the defendant's photographs and text

---

[3] The defendant also argues that the husband and wife wasted his food and damaged his tools, and that his other photographs depicted that waste and damage.

3

messages.  It was undisputed that the parties had a contentious living arrangement and that there had been disagreements, among other things, about dirty dishes in the sink.  The photographs and text messages showed nothing more than that and did not go to whether the disagreements between the parties eventually culminated in the defendant's threatening to kill the husband and wife.[4]  See M.G. v. G.A., 94 Mass. App. Ct. 139, 148 n.11 (2018) (judge has discretion to exclude irrelevant evidence).

Orders dated November 10, 2021, extending abuse prevention orders affirmed.

By the Court (Meade, Blake & Brennan, JJ.[5]),

Joseph F. Stanton

Clerk

Entered:  June 1, 2023.

---

[4] Even if the defendant had been "kindly requesting" over text messages that the dishes be cleaned, that does not disprove that he later threatened to kill the wife over the same issue.  This case instead turned on the credibility of the parties, and it is apparent from the judge's decision to extend the original ex parte orders that he credited the testimony of the husband and wife that the defendant threatened to kill them.

[5] The panelists are listed in order of seniority.

4